## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 18 2019, 8:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Christopher E. Washington
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

Matthew J. Goldsmith
Certified Legal Intern

Michael V. Sherman
Certified Legal Intern

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher E. Washington, *Appellant-Petitioner,* <br><br> v. <br><br> Mark E. Sevier, *Appellee-Respondent* | October 18, 2019 <br><br> Court of Appeals Case No. 19A-PL-549 <br><br> Appeal from the La Porte Superior Court <br><br> The Honorable Jeffrey L. Thorne, Judge <br><br> Trial Court Cause No. 46D03-1806-PL-813 |

**May, Judge.**

Christopher E. Washington appeals the denial of his motion to file an amended complaint and the grant of the State's motion to dismiss his complaint against Mark E. Sevier. We affirm.

# Facts and Procedural History

On June 11, 2018, Washington, who resides at Westville Correctional Facility, filed a complaint against Sevier, who is the warden of the Westville Correctional Facility. Washington alleged neglect stemming from two separate occurrences: one when Washington fell in the shower and cut his hand; and the other when Washington fell from his wheelchair and was injured. Washington's complaint requested the court award him seven million dollars in damages.

On September 10, 2018, the State filed a motion to dismiss Washington's action, alleging Washington's complaint failed to state a claim upon which relief could be granted. On September 19, 2018, Washington filed a motion to amend his complaint and attached his amended complaint. The trial court denied Washington's motion to amend on the same day.

On September 20, 2018, Washington filed his response to the State's motion to dismiss. The trial court granted Washington additional time to respond to the State's motion to dismiss on December 26, 2018, and on January 7, 2019, Washington filed another response to the State's motion to dismiss. On

February 6, 2019, the State filed its reply to Washington's response. On February 13, 2019, the trial court granted the State's motion to dismiss Washington's complaint.

## Discussion and Decision

[5] On appeal, Washington contends that the trial court erred when it dismissed his complaint. At the onset, we note Washington appeared before the trial court and in this appeal as a *pro se* litigant. It is well settled that *pro se* litigants are held to the same standards as licensed attorneys, and thus they are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*.[1]

[6] Washington seems to contend the LaPorte Superior Court judge was biased and prejudiced against him. Specifically, Washington maintains that the judge was biased against him because the judge did not allow him to amend his complaint but, rather, dismissed his complaint for failure to state a claim. We presume a judge is unbiased. *In re Guardianship of Hickman*, 805 N.E.2d 808, 814 (Ind. Ct. App. 2004), *trans. denied*. "In order to overcome that presumption, the appellant must demonstrate actual personal bias." *Id*. "Merely asserting bias

---

[1] We also note that Washington's brief wholly fails to comply with Indiana Appellate Rule 46(A)(8)(a). Washington fails to set out his contentions supported by cogent reasoning, he does not provide a single citation to the record, and he does not cite any relevant case law. Accordingly, Washington has waived his purported issues on appeal. Waiver notwithstanding, we attempt to address the merits of his argument.

and prejudice does not make it so." *Smith v. State*, 770 N.E.2d 818, 823 (Ind. 2002).

[7]     However, Washington has not cited any evidence or case law to support his argument the trial court erred when it did not allow him to amend his complaint. Nor does Washington cite any evidence or case law to demonstrate the trial court's grant of the State's motion to dismiss demonstrated bias or prejudice against him. Thus, his claim fails. *See Wright v. Elston*, 701 N.E.2d 1227, 1232 (Ind. Ct. App. 1998) (to prevail on a claim of judicial bias or prejudice, there must be a showing on the record that discloses actions alleged to demonstrate bias or prejudice), *trans. denied*.

# Conclusion

[8]     Washington has not demonstrated the trial court judge was biased or prejudiced against him, and thus does not prevail in his challenge to the trial court's orders to deny his motion to amend his complaint and to grant the State's motion to dismiss Washington's complain. Accordingly, we affirm.

[9]     Affirmed.

Najam, J., and Mathias, J., concur.